AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>SHERMAN A. BROWN<br>*Defendant(s)* | Case No.  3:19mj100<br><br>MICHAEL J. NEWMAN |

FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 FEB 22  PM 12: 02
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 20, 2019__ in the county of __Montgomery__ in the
__Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

_Robert M. Buzzard_
*Complainant's signature*

SA ROBERT M. BUZZARD, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/22/19

_[signature]_
*Judge's signature*

City and state: DAYTON, OHIO    MICHAEL J. NEWMAN, U.S. MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT

Your Affiant, Robert M. Buzzard, being duly sworn, do hereby depose and state as follows:

## I.

### INTRODUCTION

1. Your Affiant is a Special Agent of the Federal Bureau of Investigation (FBI) and has been so employed since January, 2002. Your Affiant is currently assigned to the Cincinnati Division, Dayton Resident Agency. As such, your Affiant is charged with investigating crimes against the United States of America, including but not limited to violations of Title 18 and Title 21 of the United States Code (U.S.C.). Your Affiant has received training in drug trafficking investigations and has participated in numerous narcotics-related investigations (ultimately leading to successful prosecution) that involved surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance which resulted in the seizure of narcotics. Your Affiant is familiar with federal drug laws, and is aware that it is a violation of Title 21, U.S.C., Sections 841(a)(1) and 846 to distribute and possess with intent to distribute controlled substances (including heroin and cocaine), as well as to conspire to do the same. Further, your Affiant is aware of federal firearm laws and knows that possessing firearms in furtherance of a drug trafficking crime is a violation of Title 18, U.S.C., Sections 924(c)(1)(A) and 2 and possessing a firearm by a convicted felon is a violation of Title 18 U.S.C. Sections 922(g)(1).

## II.

### PURPOSE OF AFFIDAVIT

2. This Affidavit is submitted in support of a criminal complaint, and seeks the issuance of an arrest warrant against **SHERMAN A. BROWN** for possession of a firearm by a convicted felon in violation of Title 18, U.S.C., Sections 922(g)(1). The information contained in this Affidavit is largely based upon an investigation conducted by your Affiant and other law enforcement officers. All of the details of the investigation are not included in this Affidavit, rather only information necessary to establish probable cause of the above-described violations.

## III.

### SUMMARY OF PROBABLE CAUSE

3. On February 20, 2019 at approximately 1:00 PM, City of Dayton Police Officer Mark Orick was on routine patrol in the area of West Fifth Street near the intersection of College Street, Dayton, Ohio. Officer Orick noticed a silver 2007 Nissan sedan, bearing Ohio license plate number HBA2266 then located on West Fifth Street and occupied by a male driver and a male front seat passenger. Officer Orick also noticed the vehicle had dark tinted windows in

violation of Ohio Revised Code 4513.241. Officer Orick attempted to contact said driver of the vehicle in reference to the violation and the driver, identified as **BROWN**, exited the vehicle and attempted to walk away. Officer Orick ordered **BROWN** to stop and explained to him the reason for the stop. **BROWN** continued to walk away from the vehicle ignoring Officer Orick's request to produce identification. At one point, **BROWN** tossed the keys for the vehicle to the front seat passenger who had also exited the vehicle and was refusing to cooperate with Officer Orick. **BROWN** was eventually secured in handcuffs and placed in Officer Orick's police cruiser. **BROWN** repeatedly refused to identify himself to Officer Orick and requested that Officer Orick take him to his attorney. Officer Orick informed **BROWN** he was under arrest for obstructing official business and the vehicle would be towed pursuant to his arrest. During the incident, Officer Orick detected the smell of marijuana around the vehicle and on the person of **BROWN**.

      4.      Officer Orick and Dayton Police Officer Luke Scott then peered through the windows and windshield of the vehicle and observed in plain view a handgun located in the front passenger floorboard where **BROWN** had been seated prior to exiting the vehicle. During a subsequent inventory search of the vehicle pursuant to **BROWN'S** arrest and impoundment and tow of the vehicle, the handgun was recovered. The handgun was identified as an FNH, 5.7 x 28 caliber, black semi-automatic, serial number 386328871. The handgun was loaded with 21 live rounds of ammunition.

      5.      Your Affiant is familiar with **BROWN** and knows him to be a prior convicted felon and prohibited from possessing firearms. Specifically, your Affiant charged **BROWN** via criminal complaint on June 20, 2012 for possession with intent to distribute a mixture or substance containing a detectable amount of heroin in violation of Title 21, U.S.C., Sections 841(a)(1) and (b)(1)(C). **BROWN** subsequently pled guilty and was sentenced on November 25, 2014 in the Southern District of Ohio (case number 3:12-cr-72) for possession with intent to distribute a mixture or substance containing a detectable amount of heroin in violation of Title 21, U.S.C., Sections 841(a)(1) and (b)(1)(C). **BROWN** was sentenced to 72 months incarceration and five years of supervised release. **BROWN** is currently on supervised release for the aforementioned case. Your Affiant conducted a criminal history search on **BROWN** and noted the following additional felony convictions:

      a. Montgomery County Court of Common Pleas, Case Number 2008CR1259, Having Weapons While Under Disability (Felony 3), in violation of the Ohio Revised Code; and

      b. Montgomery County Court of Common Pleas, Case Number 2004CR03380, Aggravated Robbery (deadly weapon) (Felony 1), in violation of the Ohio Revised Code.

      6.      Your Affiant consulted with ATF Special Agent Chris Reed regarding the firearm seized. Special Agent Reed advised that the FNH handgun seized pursuant to the arrest of **BROWN** was manufactured outside the State of Ohio and thus moved in interstate commerce to reach this state.

7. Based on the facts set forth in the Affidavit, your Affiant believes there is probable cause to believe that, on February 20, 2019, in the Southern District of Ohio, **SHERMAN A. BROWN** possessed a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

_Robert M. Buzzard_
Robert M. Buzzard
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 22nd day of February, 2019.

_Micheal J. Newman_
MICHEAL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3